United States District Court
Southern District of Texas

**ENTERED**

July 11, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-22-0752 |
| v. | § | (CRIMINAL NO. H-18-652-02) |
| | § | |
| CARLOS SOLORIO, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Carlos Solorio ("Defendant"), has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody ("Defendant's § 2255 Motion") (Docket Entry No. 67). The United States has filed a Motion for Summary Judgment as Untimely Filed or, in the Alternative, to Grant a 45-Day Extension ("United States' MSJ") (Docket Entry No. 72); and Defendant filed his Response to United States' Motion for Summary Judgment ("Defendant's Response") (Docket Entry No. 74). For reasons explained below, the United States' MSJ will be granted, Defendant's § 2255 Motion will be denied, and the corresponding Civil Action No. H-22-0752 will be dismissed.

On October 31, 2018, a Grand Jury in the Southern District of Texas indicted Defendant on one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846

(Count 1); one count of aiding and abetting possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count 2); and one count of maintaining a premises for the purpose of manufacturing and distributing a controlled substance in violation of 21 U.S.C. §§ 856(a)(1) and (b) and 18 U.S.C. § 2 (Count 3).[1]

On December 13, 2019, Defendant pleaded guilty to Count 1.[2] On July 30, 2020, Defendant was sentenced to 324 months in prison and 5 years' supervised release.[3]  The district clerk entered the Judgment on July 31, 2020.[4]  Because Defendant did not file an appeal in the United States Court of Appeals for the Fifth Circuit, his conviction became final on August 14, 2020.[5]

_____

[1]Sealed Indictment, Docket Entry No. 36, pp. 3-5.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Judgment in a Criminal Case ("Judgment"), Docket Entry No. 64, p. 1.

[3]Id. at 2-3.

[4]Id. at 1.

[5]See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner fails to file a notice of appeal from his conviction, the conviction becomes final for purposes of § 2255 upon the expiration of the period for filing a direct appeal); FED. R. APP. P. 4(b) (a criminal defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment or order being appealed, or the filing of the government's notice of appeal).

On November 21, 2021, more than fifteen months later, Defendant filed a letter with the court requesting an update from the court on a § 2255 motion that he allegedly filed in July of 2021.[6]  The court has reviewed its docket and found no evidence that Defendant filed a § 2255 motion in July of 2021.  The docket report does not show that Defendant made any filings or otherwise communicated with the court between the sentencing hearing on July 30, 2020, and the filing of Defendant's Letter on November 21, 2021.  Defendant's § 2255 Motion was filed on February 28, 2022 — although it was dated July 5, 2021 — which was more than eighteen months after his conviction became final.[7]

A one-year period of limitation applies to any motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  The statute expressly provides that the one-year period shall run from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Therefore, Defendant had until August 14, 2021, to file his § 2255 motion unless his motion fell within another section of 28 U.S.C. § 2255(f).

"Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." United States v. Duran, 934 F.3d 407, 412 (5th Cir. 2019) (citing Medley v. Thaler, 660 F.3d 833, 835 (5th Cir.

---

[6]Defendant's November 21, 2021, Letter, Docket Entry No. 66, p. 1.

[7]Defendant's § 2255 Motion, Docket Entry No. 67, pp. 1 and 7.

2011)).  Defendant dated his motion July 5, 2021,[8] and Defendant attached a declaration that is also dated July 5, 2021.[9]  But Defendant does not assert that he mailed the motion on that date. Defendant's § 2255 Motion was not submitted on the standard form, and there is no certificate stating when he placed the motion in the prison mail system.  Defendant does not deny that his motion was untimely filed.[10]  Defendant's Response includes a Certificate of Service certifying that the motion was mailed on June 15, 2022,[11] but Defendant's § 2255 Motion contains no such certification.  The Fifth Circuit has held that a pro se prisoner has the burden to demonstrate that his filings are timely.  See Duran, 934 F.3d at 413.  Defendant has not met this burden.  Because Defendant failed to file his § 2255 Motion within the one-year time limit, his motion will be dismissed as untimely.[12]

Defendant argues that the United States' MSJ was "untimely filed[,]"[13] but Defendant cites no authority for that argument.  On

------

[8]Defendant's § 2255 Motion, Docket Entry No. 67, p. 7.

[9]Declaration of Carlos Solorio, attached to Defendant's § 2255 Motion, Docket Entry No. 67, pp. 8-9.

[10]See Defendant's Response, Docket Entry No. 74.

[11]Id. at 2.

[12]Defendant is not entitled to equitable tolling because he has not shown that he pursued his rights diligently or that an extraordinary circumstance stood in his way and prevented timely filing.  See Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010).

[13]Defendant's Response, Docket Entry No. 74, p. 1.

-4-

April 18, 2022, the court entered a Scheduling Order providing that the United States "shall file an answer and motion for summary judgment within 40 days from the entry of this Scheduling Order[.]"[14] The United States' MSJ was filed on May 27, 2022,[15] less than forty days after the entry of the Scheduling Order.

The United States has established that there is no genuine dispute about any material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P 56(a). The court will therefore grant the United States' MSJ and dismiss Defendant's § 2255 Motion as untimely.

Because Defendant has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court will not issue a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (holding that a court may deny a certificate of appealability sua sponte without requiring further briefing or argument).

### Conclusion and Order

For the reasons set forth above, the United States' Motion for Summary Judgment as Untimely Filed or, in the Alternative, to Grant a 45-Day Extension (Docket Entry No. 72) is **GRANTED**; Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

---

[14]Scheduling Order, Docket Entry No. 69, p. 1 ¶ 1.

[15]United States' MSJ, Docket Entry No. 72, p. 1.

Sentence (Docket Entry No. 67) is **DISMISSED AS UNTIMELY**; and this civil action will be dismissed with prejudice.

   **SIGNED** at Houston, Texas, on this the 11th day of July, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-6-